IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-095 |
| | ) | |
| JOHN LEE MEYERS | ) | |

## ORDER

In the above-captioned case, Defendant John Lee Meyers is before the Court charged with two counts of Driving Under the Influence of Alcohol on a Military Reservation. Defendant filed various pre-trial discovery requests, and although the United States of America, by and through its attorney, Joseph D. Newman, Interim United States Attorney, and Marlin M. Stewart, III, Special Assistant United States Attorney, did not file a specific response to Defendant's requests, the government did file a "First Certification of Disclosure, Initial Discovery Statement and Demand for Discovery from Defendant." (Doc. no. 10).

### GENERAL DISCOVERY MOTION

As to Defendant's general discovery requests, the government states that it is following a liberal discovery policy in this case and will endeavor to provide copies of all investigative reports pertaining to the offense charged, written statements by witnesses, and reports from experts in its possession, with the exception of attorney and agent work product. The government states that it has provided Defendant with 37 pages of discovery, including, but not limited to, copies of the relevant Military Police Report, United States District Court Violation Notices, and NCIC/GCIC Criminal and Driver's History Records Check of

Defendant, as well as the applicable Intoxilyzer Instrument Printer Card, Officer's Operator Certification for Intoxilyzer, and Certificate of Inspection for Intoxilyzer. Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case renders Defendant's discovery requests **MOOT**. (Doc. no. 13).

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

### MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant filed a motion seeking the disclosure of exculpatory and impeaching information in accordance with the principles of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972). (Doc. no. 11). To some extent, Defendant's requests exceed the scope of <u>Brady</u>. <u>Brady</u> material includes information that is favorable to a defendant and material to the issues of guilt or punishment. <u>Brady</u>, 373 U.S. at 87;

2

United States v. Agurs, 427 U.S. 97 (1976). This motion is **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION IN LIMINE REGARDING USE OF EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant filed this motion in limine in order to prevent the government from introducing any evidence of his prior criminal record and convictions. Under appropriate circumstances, the government, during its case in chief or in rebuttal, may introduce evidence of misconduct pursuant to Fed. R. Evid. 404(b). Huddleston v. United States, 485 U.S. 681, 686-87 (1988); United States v. Perez, 443 F.3d 772, 779 (11th Cir. 2006). The Rule allows such evidence for various purposes, including, but not limited to, "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see also United States v. Baker, 432 F.3d 1189, 1204-05 (11th Cir. 2005) (discussing parameters for admission of evidence under Rule 404(b)).

Moreover, this Court has a Local Rule that addresses disclosure of this type of 404(b) evidence:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

3

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3. Nothing in these Rules indicate that Defendant is entitled to receive documents or other evidence from which the government derives the bad act evidence.

It is clear that under both the Federal Rules of Evidence and the Local Rules of this Court, notice is not only a condition precedent to admissibility but also requires more than a mere commingling of extrinsic offense evidence reports in the government's general discovery offering. Such would not provide the defendant with notice since he would have to determine at his peril which of the government's offering constituted "extrinsic" offense evidence. Such a procedure would also not apprise the defendant of the purpose for which said evidence was admissible under Rule 404(b).

For cause shown, the government may supplement the disclosures required by Loc. Crim. R. 16.2. The notice, in whatever form the government chooses to use, must outline in general form the evidence to be offered and a memorandum of law stating the purpose(s) for which the evidence will be offered and case law supporting the government's position and shall be filed within ten (10) days of the date of this Order. This procedure will allow Defendant an opportunity to respond with his own legal arguments regarding admissibility prior to trial, thereby avoiding needless delay during trial. Further, at trial, if the government wishes to present such evidence, counsel must approach the bench prior to introducing such evidence in order that defense counsel may have an opportunity to object to the admissibility of such evidence, and if such evidence is to be admitted over objection, to request appropriate limiting instructions.

Accordingly, the motion in limine (doc. no. 14) is **DENIED** without prejudice to raising the issue again, should the government's compliance with the disclosure requirements outlined herein warrant refiling a motion with respect to specifically identified evidence. Defendant shall have 10 days following any government filing made in accordance with the instructions herein to file another motion in limine regarding 404(b) evidence.

## PRELIMINARY and AMENDED MOTIONS TO SUPPRESS

The preliminary motion was filed to preserve Defendant's right to particularize the motion at a later date. (Doc. no. 15). However, a motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); Fed. R. Crim. P. 12(c), (e). Moreover, the motion was not filed in compliance with Loc. Crim. R. 12.1. On August 18, 2009, the Court issued an order instructing Defendant that if he intended to particularize his motion in accordance with Loc. Crim. R. 12.1, he must do so within ten calendar days. (See doc. no. 17).

In response to the Court's order, Defendant filed an "Amended Motion to Suppress," but again this motion failed to comply with Loc. Crim. R. 12.1 in that there were no citations to record evidence, and Defendant failed to file an affidavit in support of his motion. (Doc. no. 18). Therefore, both the preliminary and amended motions are **NULLITIES**. Should Defendant desire to file a particularized motion that complies with the Court's Local Rules at a time subsequent to this Order, he must adequately explain his failure to timely file the same.

### REQUEST FOR RECIPROCAL DISCOVERY

The government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure. (Doc. no. 10). In light of the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, this request is **GRANTED**.

SO ORDERED this 14th day of September, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE